**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

M B Hutson, Appellant.

v.

A. Paul Weissenstein, Respondent.

Appellate Case No. 2019-000873

_____

Appeal From Sumter County
Kristi F. Curtis, Circuit Court Judge

_____

Unpublished Opinion No. 2022-UP-264
Submitted April 1, 2022 – Filed June 15, 2022

_____

**AFFIRMED**

_____

M B Hutson, of Orangeburg, pro se.

Ryan Michael Gunther, of McGangus, Goudelock, & Courie, of Summerville; and Steven Raymond Kropski and David W. Overstreet, both of Earhart Overstreet, LLC, of Charleston, all for Respondent.

_____

**PER CURIAM:** M B Hutson appeals a circuit court order granting Paul Weissenstein's motion for summary judgment on Hutson's action for legal malpractice. On appeal, Huston argues the circuit court erred by granting

summary judgment because whether his legal malpractice claim was barred by the statute of limitations was a fact in dispute.  We affirm.

We hold the circuit court did not err by granting Weissenstein's motion for summary judgment because there was no genuine issue as to when Hutson "*could or should have known . . .* that a cause of action [against Weissenstein] might exist in his . . . favor."  *See Stokes-Craven Holding Corp. v. Robinson*, 416 S.C. 517, 524, 787 S.E.2d 485, 489 (2016) ("When reviewing the grant of a summary judgment motion, the appellate court applies the same standard that governs the trial court under Rule 56(c), SCRCP . . . ."); Rule 56(c), SCRCP (stating summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"); *Stokes-Craven Holding Corp.*, 416 S.C. at 526, 787 S.E.2d at 489-90 ("[T]he statutory period of limitations begins to run when a person *could or should have known . . .* that a cause of action might exist in his or her favor, rather than when a person obtains actual knowledge of either the potential claim or of the facts giving rise thereto." (quoting *Burgess v. Am. Cancer Soc'y, S.C. Div., Inc.*, 300 S.C. 182, 186, 386 S.E.2d 798, 800 (Ct. App. 1989))).  Rather, the email from Hutson's realtor to the seller before Hutson signed the original agreement, along with Hutson's counterclaim for misrepresentation and concealment during the 2011 ejectment action, indicates there was no evidence upon which a jury could reasonably find Hutson learned of his alleged malpractice claim after he was finally evicted from and ordered to vacate the property on March 20, 2014.  Thus, no evidence existed from which a jury could reasonably find that the statute of limitations expired any later than March 19, 2017.  *See* S.C. Code Ann. § 15-3-530(5) (2005) (indicating the statute of limitations for a legal malpractice action is three years); *Berry v. McLeod*, 328 S.C. 435, 444-45, 492 S.E.2d 794, 799 (Ct. App. 1997) (stating section 15-3-530(5) provides a three-year statute of limitations for legal malpractice actions).  Accordingly, the circuit court did not err by granting Weissenstein's motion for summary judgment because Hutson's claim was barred by the statute of limitations.

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.